UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WINNER'S SUN PLASTIC & ELECTRONIC (SHENZHEN) CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 2:19-cv-00852-GMN-EJY <br><br> REPORT AND RECOMMENDATION <br><br> Re: ECF No. 49 <br> Motion for Default Judgment |

Before the Court is "Plaintiffs [sic] Rule 55(b) Motion for Default Judgment Against Specific Defendant(s) on Schedule A of this Action." ECF No. 49. No response to the Motion was filed.

**I.     BACKGROUND**

This case commenced on May 20, 2019, with Plaintiff filing a Complaint against twenty defendants. ECF No. 1. After motion practice an Amended Complaint was filed on June 24, 2019, naming twenty-three defendants. ECF No. 17. On December 11, 2019, Plaintiff filed a Motion for Entry of Clerk's Default (ECF No. 46) as to twenty of the twenty-three defendants named in the Amended Complaint. ECF No. 46-1 at 3. Default was entered against these same twenty defendants on December 12, 2019 (hereinafter, the "Defaulted Defendants"). ECF No. 47. Plaintiff's Motion for Default Judgment against Defaulted Defendants was filed on February 25, 2020. ECF No. 49.

Plaintiff's First Amended Complaint for Monetary Damages and Injunction (ECF No. 17) alleges four causes of action against Defaulted Defendants. Plaintiff is the owner of United States Patent Number 9,995,993 (the "Patent") and Plaintiff's Trade Dress. Plaintiff alleges that Defaulted Defendants sold, offered for sale, and continue to sell, at discounted prices, unauthorized and unlicensed products, including selfie devices, through the on-line marketplace (which Plaintiff defines as Defendants' Internet Stores) targeting the United States, including Nevada, designed to appear like licensed products free from infringement on Plaintiff's Patent and Trade Dress. Defaulted Defendants are alleged to design their Internet Stores to appear to the consumer to be

authorized retailers, outlet stores or wholesalers of non-infringing products. Plaintiff alleges that Defaulted Defendants seek to avoid liability by concealing their identities and the "full scope and interworking of their infringing operations." ECF No. 17 at 3.

Plaintiff, as assignee of the Patent, and owner of the valid Trade Dress, sold and used the Trade Dress in commerce throughout the U.S. continuously since early 2014. Plaintiff states that its "mark is distinctive to both the consuming public and within Plaintiff's trade" and that "[a]s a result of its widespread, continuous and exclusive use of the [T]rade [D]ress," Plaintiff "owns valid federal statutory and common law rights to the [T]rade [D]ress." *Id*. at 4.

Plaintiff's first cause of action alleges patent infringement in violation of 35 U.S.C.§101 *et seq*., and specifically 35 U.S.C. § 271. As a result of this infringement, Plaintiff seeks damages, an injunction, enhanced damages, attorney's fees, and costs. Plaintiff's second cause of action for inducement to infringe the Patent avers that Defaulted Defendants market through accounts on Amazon.com and Ebay.com, had knowledge of Plaintiff's Patent before their first sale of infringing products, and that every sale is done with actual knowledge of infringement. Plaintiff seeks an injunction, enhanced damages, and attorney's fees and costs based on this infringing conduct.

The third cause of action is for Federal Trade Dress Infringement. Plaintiff alleges that Defaulted Defendants' unauthorized use in commerce of its Trade Dress is likely to deceive consumers and lead consumers to believe that Defaulted Defendants are selling products that are authorized, endorsed or sponsored by Plaintiff in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Plaintiff seeks injunctive relief, actual damages, Defaulted Defendants' profits, enhanced damages, and reasonable attorney's fees and costs as well as pre and post-judgment interest as a result of these violations. Plaintiff's fourth cause of action is for Unfair Competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). In addition to the alleged deceit of consumers caused by Defaulted Defendants' conduct, Plaintiff alleges that the unauthorized use of its Trade Dress constitutes "false designation of original and misleading description and representation of fact." As a result of these violations, Plaintiff seeks injunctive relief, actual damages, Defaulted Defendants' profits, enhanced damages, and reasonable attorney's fees and costs as well as pre and post-judgment interest.

Case 2:19-cv-00852-GMN-EJY   Document 61   Filed 05/11/20   Page 3 of 10

## II. ANALYSIS

### A. The Default Judgment Standard.

Rule 55(b) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgment when the Clerk of Court previously entered default based upon a defendant's failure to answer and defend. *OCWEN Loan Servicing, LLC v. Operture, Inc.*, Case No. 17-cv-01026, 2018 WL 1100904, at *1 (D. Nev. February 12, 2018). Here, the summonses were issued on November 5, 2019, attaching the First Amended Complaint dated June 20, 2019. ECF No. 36. The summonses were served on Defaulted Defendants on November 6, 2019, via email (in accordance with the Court's Order granting Alternative Service (ECF No. 12)), and proof of service was filed with the Court on November 22, 2019. ECF No. 41. No Defaulted Defendant made an appearance or attempt to respond to Plaintiff's First Complaint. The Clerk's Default was entered as to Defaulted Defendants on December 12, 2019. ECF No. 47.

Failure to timely answer a properly served complaint is an appropriate basis upon which entry of default judgment may lie. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). This, however, does not automatically entitle Plaintiff "to a court-ordered judgment." *PepsiCo. Inc. v. Cal. Sec. Cans.*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002). Although, the Court must accept all well-pleaded facts in Plaintiff's Amended Complaint as true, the Court is not required to consider any conclusions of law or facts that fail the well-pleaded standard. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, the Court need not accept the facts establishing the amount of damages as true simply based on the pleadings. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Courts generally disfavor default judgments because "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Thus, there are seven factors the Court, in its discretion, generally considers when deciding whether to grant default judgment. *Id*. at 1471-72 (citing 6 MOORE'S FEDERAL PRACTICE § 55-05, at 55-24 to 55-26). These factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

3

stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*[1]

      B.    <u>Application of the *Eitel* Factors to this Case</u>.

              *1.*    *Factor One – The Possibility of Prejudice to the Plaintiff*.

The Clerk of Court properly entered default against Defaulted Defendants who failed to appear or respond to Plaintiff's Amended Complaint with which they were served. Plaintiff served the Notice of Default entered by the Clerk of Court as well as the Motion for Default Judgment on Defaulted Defendants by email at their last known email addresses no later than February 26, 2020 (ECF No. 49-1 at 2) and, still, there has been no response from any Defaulted Defendant. Under these circumstances, Plaintiff has no means to litigate its claims against Defaulted Defendants other than through the present method. For this reason, the Court finds the first *Eitel* factor favors entry of default judgment.

              *2.*    *Factors Two, Three, and Five – The Merits of Plaintiff's Substantive Claim, the Sufficiency of the Complaint, and the Possibility of a Question of Material Fact.*

Under the well-pleaded complaint rule, Plaintiff sufficiently states claims for recovery from Defaulted Defendants. Fed. R. Civ. P. 8. Thus, the third *Eitel* factor favors entry of default judgment.

The merits of Plaintiff's claims as alleged in the Amended Complaint (the second *Eitel* factor), when considered together with the possibility of questions of material fact (the fifth *Eitel* factor), clearly demonstrate (1) direct, or under the doctrine of equivalence, patent infringement in violation of 35 U.S.C. §§ 101 and 271, (2) inducement to infringe on the Patent through Defaulted Defendants' Internet Stores, (3) Trade Dress Infringement through Defaulted Defendants' unauthorized use in commence of Plaintiff's Trade Dress intended to deceive consumers, all in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and (4) Unfair Competition

---

[1] In addition to these seven factors, the Court has the duty to ensure Defendants were properly served and are properly before the Court. *DFSB Kollective Co. v. Bourne*, 897 F.Supp.2d 871, 877-78 (N.D. Cal. 2012). Here, as stated, the Court finds that summonses were properly issued, Defaulted Defendants were properly served, Defaulted Defendants failed to answer or otherwise respond to the Amended Complaint, personal jurisdiction is properly exercised over these Defendants, and that default of Defaulted Defendants was properly entered by the Clerk of Court.

4

based on the same facts as those that support Trade Dress Infringement. In addition, Default Defendants' ongoing infringement activity undermines the Patent, Plaintiff's patent rights, and Plaintiff's Trade Dress rights.

There is no real issue of material fact at play in this case as Defaulted Defendants have offered nothing to suggest Plaintiff's well and thoroughly pleaded facts lack merit or misrepresent the truth. An examination by the Court of the facts alleged leads the Court to the same conclusion. In sum, there is nothing that warrants denial of Plaintiff's Motion. Instead, these findings militates in favor of granting default judgment in favor of Plaintiff.

> *3. The remaining Eitel elements—the sum of money at stake in the action, whether the default was due to excusable neglect, and the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits—lead to granting Plaintiff's Motion.*

There is no issue of excusable neglect in this case and, while decisions on the merits are favored, Defaulted Defendants' failure to participate in this litigation, despite substantial opportunity to do so, precludes the opportunity to consider this case through the ordinary course of litigation.

Turning to the issue of damages, Plaintiff asks the Court to grant an injunction (which the Court does below) and money damages of $50,000 against each Defaulted Defendant (which the Court declines to do at this time). The Court is nonetheless confident that the amount of money at stake is reasonably substantial and not out of proportion to Defaulted Defendants' conduct. That is, under the United States Patent Act, the prevailing plaintiff on a claim of infringement is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Courts are also granted discretion to award enhanced damages "up to three times the amount found or assessed." *Id*. To determine whether enhanced damages are appropriately awarded, the Court looks at nine factors including: "(1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by

1  the defendant; (8) defendant's motivation for harm, and (9) whether defendant attempted to conceal
2  its misconduct." *Apple, Inc. v. Samsung Electronics Co., LTD*, 258 F.Supp.3d 1013, 1023 (citing
3  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), *abrogated on other grounds by*
4  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc).

Well settled law demonstrates that a plaintiff must independently "prove up" the amount of damages it seeks through a complaint. *Oakley v. Moda Collection, LLC*, Case No. SACV 15-160-JLS (JCGx), 2016 WL 7495835, at *7 (C.D. Cal, June 9, 2016) (citation omitted). Plaintiff must also "prove up" entitlement to injunctive and other forms of relief. *Id*. (citation omitted). However, as to pre-judgment interest, the U.S. Supreme Court decision in *Gen. Motors Corp. v. Devex Corp.*, 462 U.S. 648, 655-56 (1983), provides that in cases involving violations of the Patent Act, "[a]n award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payment but also of the foregone use of the money between the time of infringement and the date of the judgment." While the Court has discretion when deciding what interest rate to apply and how to apply it, it appears the courts often use the 52-week Treasury Bill Rate. *Gens v. Amerimade Technology, Inc.*, Case No. 15-cv- 01425-JCS, 2016 WL 8905322, at *12 (N.D. Cal. Mar. 21, 2016).

With respect to attorney's fees and costs, the criteria for establishing that a case is exceptional under the Patent Act includes "willful infringement, bad faith, litigation misconduct, and unprofessional behavior." *Oakley*, 2016 WL 7495835, at *8 (citation omitted). However, "[i]n the context of a default judgment, the Ninth Circuit has upheld awards of attorneys' fees 'solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, and oppressively, … with intent to … injure …." *Id. citing Derek Andrew, Inc. v. Proof Apparel Corp.*, 528 F.3d, 696, 702 (9th Cir. 2008).

Finally, with respect to the alleged violations of the Lanham Act, Section 35 provides the remedies available for violations of section 43(a) of the Act. 15 USC § 1117(a). Specifically, the plaintiff is entitled "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. One such remedy provided under section 35 is attorneys' fees." *Id.* The section, however, requires that before reasonable attorneys' fees will be awarded, there must be

6

a determination that the matter is an "exceptional case[]." *Id.* The statute does not define what qualifies as an "exceptional case," but the Ninth Circuit has long held that the class of exceptional cases in which it is appropriate for the court to award attorneys' fees are those cases involving willful infringement. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F. 3d 814, 823-824 (9th Cir. 1996). Section 1116 of the Lanham act states, in pertinent part:

> [a]ny such injunction may include a provision directing the defendant to file with the court and serve on the plaintiff within thirty days after the service on the defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction. Any such injunction granted upon hearing, after notice to the defendant, by any district court of the United States, may be served on the parties against whom such injunction is granted anywhere in the United States where they may be found, and shall be operative and may be enforced by proceedings to punish for contempt, or otherwise, by the court by which such injunction was granted, or by any other United States district court in whose jurisdiction the defendant may be found.

Here, Plaintiff fails to provide any independent factual basis for its request for $50,000 in damages from each of Defaulted Defendants. There is no evidence whatsoever supporting this award. The Court therefore declines, without prejudice, to grant these damages at this time. Instead, the Court will allow Plaintiff to engage in discovery for purposes of its patent violation and Lanham violation claims to support the request for money damages. Likewise, Plaintiff presents no specific request for attorney's fees or costs. Thus, this amount is not awarded in this Order, but the Court provides Plaintiff the opportunity to provide the amount of fees and costs it seeks with appropriate evidence to support the request. Plaintiff does not address any of the factors pertaining to enhanced damages in its moving papers, which the Court will also require Plaintiff to do.

As to Plaintiff's request for permanent injunctive relief, Plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Oakley, Inc. v. Moda Collection, LLC*, Case No. 8:16-cv-160-JCGx, 2016 WL 7495837, at *2 (C.D. Cal. Sept. 28, 2016) *citing eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court has discretion whether to grant a permanent injunction, and must consider the unique and totality of the circumstances when making this decision. *Id*. *citing La Quinta Worldwide LLC v. Q.R.T.M.,*

7

*S.A. de C.V.*, 762 F.3d 867, 889 (9th Cir. 2014). Plaintiff demonstrates, to the satisfaction of the Court, that it has suffered irreparable injury resulting from Defaulted Defendants' infringement on Plaintiff's Patent, Inducement to Infringe, federal Trade Dress Infringement, and Unfair Competition. Remedies at law may cure some of the harm caused by Defaulted Defendants' conduct, but the award of such damages will not mitigate damages arising from future infringement on Plaintiff's Patent and Trade Dress. Nor will remedies at law redress damage to Plaintiff's goodwill or reputation. As to the balance of the equities, Defaulted Defendants have not responded to Plaintiff's Amended Complaint, Default, or the Motion for Default Judgment. Defaulted Defendants offer nothing to the Court suggesting they are not infringing on Plaintiff's Patent or Trade Dress. Defaulted Defendants do not indicate they have or will ceases their infringing conduct. And, with respect to the public interest, such interest is best served by protecting patents and trade dress rights arising from investment in innovations that is valued by consumers and the Court. The public interest is also served by a permanent injunction that will discourage infringement and encourage participation in the legal system established to address federal claims. Because Plaintiff has satisfied all four facts required to demonstrate a permanent injunction is warranted, the Court will grant Plaintiff the injunction it seeks.

## III. RECOMMENDATIONS

For each and all of the reasons stated above, the Court recommends that Plaintiff's Motion for Default Judgment be granted against Defaulted Defendants.

It is further recommended that a permanent injunction issue enjoining:

- Defaulted Defendants, and anyone acting in concert with them or on their respective behalves, including, but not limited to their respective employees, agents, officers, directors, attorney's successors, affiliates, subsidiaries, and assigns (collectively, for purposes of these Recommendations, the "DD Representatives"), from infringing Plaintiff's Patent and Trade Dress, engaging in any activity that infringes on Plaintiff's Patent or Trade Dress rights or engaging in any activity constituting unfair competition with Plaintiff;

- any third party from the manufacture, distribution, providing, selling, marketing, advertising or promoting the selfie sticks bearing Plaintiff's Trade Dress or any other mark that is a copy, counterfeit, simulation, confusingly similar variation or colorable imitation of Plaintiff's Trade Dress;
- Defaulted Defendants and DD Representatives from making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defaulted Defendants' selfie sticks are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff;
- Defaulted Defendants and DD Representatives from using or authorizing any third party to use in connection with any business, goods or services any false description, false representation or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associates such business, goods and/or services with Plaintiff or tend to do so;
- Defaulted Defendants and DD Representatives from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Trade Dress or any other mark that infringes or is likely to be confused with Plaintiff's Trade Dress, any goods or services of Plaintiff, or Plaintiff as their source; or
- aiding, assisting, or abetting any other individual or entity in doing any act prohibited by any of the above.

It is further recommended that Plaintiff be entitled to engage in limited discovery, during a 60 day period following an Order by the Court, by serving third party subpoenas on the hosts of Defaulted Defendants Internet Stores, such as Amazon and eBay, in order to determine a reasonable estimate for purposes of calculating royalties and actual damages.

It is further recommended that, at the conclusion of the discovery, Plaintiff prepare and submit to the Court a reasonable estimate of damages Plaintiff seeks, including an estimate of pre and post-judgment interest.

It is further recommended that, together with Plaintiff's submission of royalties and/or actual damages, and pre and post-judgment interest, Plaintiff submit to the Court a calculation of its reasonable attorney's fees and costs, with appropriate exhibit(s) in support thereof.

It is further recommended that Plaintiff's damages submission include a section addressing the elements the Court must consider when determining whether to award enhanced damages.

DATED: May 11, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).